PER CURIAM.
The appellant seeks review of the denial of his motion for postconviction relief and his motion for correction of sentence. We affirm the denial of the motion for postcon-viction relief. We also affirm that portion of the order denying the motion for correction of sentence that concerns credit for time served. We reverse that portion of the order that denied relief to the appellant on his claim that his sentences were supposed to be concurrent but are actually consecutive.
The appellant argues that sentencing judge orally pronounced sentence on three charges, and stated “credit for time served any place any time, sentence concurrent with whatever sentences you may have received any place.” From discussions at the plea and sentencing hearing, it is apparent that the judge was referring to a sentence previously imposed upon the appellant in Duval County.
In denying the appellant’s motion to correct sentence, the judge found that the trial court did order the sentences to be served concurrently with each other and with any other sentence the defendant was then serving, and attached to the order the sentences. While the sentences do reflect that they are concurrent with each other, they do not reflect the sentencing judge’s oral pronouncement that the sentences were to run current with any other sentences. Accordingly, the trial court’s order fails to refute this one allegation.
We reverse and remand with directions that the court re-examine the files and records and determine whether anything therein conclusively shows that the imposed sentence conforms with the oral pronouncement regarding concurrent sentences. In the absence of such documentation, we direct the court to enter a corrected sentence.
SCHOONOVER, A.C.J., and HALL and BLUE, JJ., concur.